JAPAN IMPORT CO. *v.* UNITED STATES

**No. 4640.**—Invoice dated Kobe, Japan, May 12, 1934.
Entered at New Orleans, La., July 12, 1934.
Entry No. 83.

(Decided September 15, 1939)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the plaintiff.
*Webster J. Oliver,* Assistant Attorney General (*Daniel I. Auster,* special attorney), for the defendant.

SULLIVAN, Judge: This appeal to reappraisement has been submitted for decision upon the following stipulation:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the parties hereto:

That the merchandise covered by the above entitled reappraisement and marked "A" on the invoice and described as Toyo cloth (paper) upper Oxford shoes, and checked E. B. K. by Examiner E. B. Kirwin, consists of rubber-soled footwear similar in all material respects to the rubber-soled footwear which was the subject of *United States* v. *Japan Import Co. Inc.,* Reappraisement Decision No. 4568.

That the reappraisement is limited to the items marked "A" and initialed by the Examiner and abandoned as to all other merchandise and in all other respects.

That the record in said Reappraisement Decision No. 4568 may be incorporated into the record herein and that the above entitled reappraisement may be submitted on such combined record and this stipulation.

That, under the decision in said Reappraisement Decision No. 4568, the merchandise marked "A" and initialed by the Examiner is not like or similar to the domestic shoes upon which the Appraiser based his appraisement herein.

That the market values or prices of the merchandise marked "A" and initialed by the Examiner at the time of exportation of such merchandise to the United States at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities, and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, were the entered values thereof.

IT IS FURTHER STIPULATED AND AGREED that there was no higher foreign value for the merchandise herein above set forth.

On the agreed facts, I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved, and that such values are the values set forth above. Judgment will be rendered accordingly.